**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIZABETH SANTIAGO MERCED<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA CREDIT DE PUERTO RICO, CORP., ET AL.<br><br>Defendants. | Civil No. 3:26-cv-01064 |

**NOTICE OF REMOVAL**

Toyota Credit de Puerto Rico, Corp. ("TCPR") and Edgar Camareno (collectively, the "Codefendants") give notice of removal of the civil action captioned *Elizabeth Santiago Merced v. Toyota Credit de Puerto Rico, Corp. y Otros*, Civil No. SJ2025CV1135 (the "Action"), currently pending before the Court of First Instance of Puerto Rico, San Juan Part (the "Commonwealth Court").

Codefendants remove this Action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1443, and 1446, as the allegations set forth in the Complaint establish that this Court has original jurisdiction over the Action because it arises under the Constitution, laws, or treaties of the United States, thereby presenting a federal question within the meaning of 28 U.S.C. § 1331.[1]

---

[1] Under 28 U.S.C. § 1441(a), and in accordance with the rule of unanimity, the Codefendants ***consent to and join in*** the removal of this action, which is properly removable to this Court because it falls within this Court's original jurisdiction.

***The allegations[2] make removal proper***

1.      On December 20, 2025, Elizabeth Santiago Merced ("Plaintiff") filed a Complaint against, among others, the Codefendants. *See* **Exhibit 1** (Certified English Translation of the Complaint).

2.      Before the Codefendants had an opportunity to appear, Plaintiff filed an Amended Complaint on December 27, 2025, which constitutes the operative pleading in this Action. *See* **Exhibit 4** (Certified English Translation of the Amended Complaint).

3.      As this Court is well aware, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331**.**

4.      Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because this action was pending in the Commonwealth of Puerto Rico, venue is proper in this Court.

5.      Moreover, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

6.      In addition, under 28 U.S.C. § 1443, a defendant may remove any civil action that alleges an act under color of authority derived from any law providing for equal civil rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

[2] This section is not intended as a recital of the allegations in the Amended Complaint, but rather as a summary of the most important ones to provide the Court the context to evaluate the propriety of removal.

7.      Finally, under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal," which the Codefendants hereby file.

8.      In the operative Amended Complaint, Plaintiff expressly asserts federal constitutional claims and a cause of action under 42 U.S.C. § 1983, thereby giving rise to federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff alleges that the Codefendants, acting jointly and in concert with the Puerto Rico Police Department and under color of state law, caused the intervention, immobilization, and effective confiscation of Plaintiff's vehicle based on allegedly false or negligently maintained information, without prior notice, hearing, or judicial authorization. *See*, for example, **Exhibit 4 ¶¶** 77–80.[3] Plaintiff further alleges that this conduct constituted "state action" and violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. *Id.* ¶¶ 29-33 and 77-80. These federal claims are central to Plaintiff's theory of liability and to the declaratory and injunctive relief requested, rendering this Action one that arises under the Constitution and laws of the United States and therefore removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1443.

### *Supplemental Jurisdiction*

9.      Once a federal court properly exercises original jurisdiction over at least one claim arising under federal law, it has a strong obligation to exercise supplemental jurisdiction over all related state law claims that form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). Claims satisfy this standard when they derive from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to

---

[3] These allegations are asserted throughout the Amended Complaint and are not limited to the specific paragraphs cited herein.

litigate them together in a single judicial proceeding. *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC,* 730 F.3d 67, 72 (1st Cir.2013)*; Penobscot Indian Nation v. Key Bank of Me.,* 112 F.3d 538, 564 (1st Cir.1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715 (1966)).

10. Here, Plaintiff's Commonwealth law claims, including, but not limited to, negligence, gross negligence, breach of contract, unjust enrichment, alleged violations of Puerto Rico consumer protection statutes, and requests for declaratory and injunctive relief, arise from the same alleged factual predicate as the federal constitutional claims asserted under 42 U.S.C. § 1983. All claims are based on the same alleged reporting of false or negligently maintained information concerning Plaintiff's vehicle, the same alleged involvement of the Puerto Rico Police Department, and the same alleged intervention, immobilization, and deprivation of Plaintiff's asserted property interests. The factual allegations relevant to the federal claims substantially overlap with those underlying the Commonwealth law causes of action. Accordingly, all claims form part of the same case or controversy within the meaning of Article III and fall squarely within this Court's supplemental jurisdiction under Section 1367(a).

11. None of the statutory grounds for declining supplemental jurisdiction under 28 U.S.C. § 1367(c) applies here. *See DaSilva v. One, Inc.*, Civ. No. 12-1286, 2015 WL 1470547 at *7 (D.P.R. Mar. 31, 2015) (Domínguez, J.); *see also Robledo v. Furiel Auto Corp.*, Civ. No. 14-1693, 2015 WL 3823708 at *2 (D.P.R. June 19, 2015) (López, M.J.) ("[w]hen claims constitute part of the same case or controversy pursuant to § 1367(a), unless a court can anchor its decision to decline supplemental jurisdiction in one of the four specific scenarios of § 1367(c), supplemental jurisdiction must be exercised") The Commonwealth law claims do not raise novel or complex issues of Puerto Rico law, nor do they substantially predominate over the federal constitutional

4

claims, which are central to Plaintiff's theory of liability and requested relief. Exercising supplemental jurisdiction will promote judicial economy, convenience, and fairness by allowing a single court to adjudicate all claims arising from the same alleged conduct, avoiding duplicative litigation and the risk of inconsistent rulings. Moreover, because Plaintiff affirmatively elected to assert federal constitutional claims and to invoke federal civil rights statutes as a core component of this Action, considerations of comity and fairness weigh strongly in favor of this Court retaining jurisdiction over the related Commonwealth law claims. *See Roche v. John Hancock Mutual Life Insurance Co.*, 81 F.3d 249, 257 (1st Cir. 1996) (discussing that "the trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like.")

***Removal is timely and the Codefendants submit the relevant documents.***

12.     Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal."

13.     Plaintiff purportedly served Edgar Camareno on January 9, 2026, and TCPR on January 14, 2026. *See* **Exhibit 5**. Accordingly, removal is timely under 28 U.S.C. § 1446(b)(2)(B).

14.     Section 1446(a) requires the removing defendants to submit "a copy of all process, pleadings, and orders served upon such defendant." The Codefendants have included certified translations of all documents filed in the Commonwealth Court docket (*see* **Exhibits 1-7**), thereby satisfying the requirements of 28 U.S.C. § 1446(a).

***Notification to the Commonwealth Court.***

15.     The Codefendants certify that they will promptly file an informative motion with the Commonwealth Court attaching this Notice of Removal, which constitutes the "written notice" contemplated by 28 U.S.C. § 1446(d).

***

For the reasons above, the Codefendants give notice of removal and request that this case proceed as an action properly removed to this Court under 28 U.S.C. §§ 1331, 1367, 1441, 1443, and 1446.

Submitted in San Juan, Puerto Rico, on February 6, 2026.

**WE CERTIFY** that this document was filed through the Court's CM/ECF system, which will automatically send a copy to all counsel of record. Defendants will also file a copy of this Notice as an exhibit to their written notice to the removed court through the Commonwealth of Puerto Rico's electronic filing system (SUMAC), which will likewise send notice to all counsel of record in that case, including Plaintiff's counsel.

**O'NEILL & BORGES** LLC
*Attorneys for Toyota Credit de Puerto Rico, Corp.
and Edgar Camareno*
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Telephone: (787) 764-8181
Fax: (787) 753-8944

*s/Carla García-Benítez*
Carla García-Benítez
USDC No. 203708
E-mail: carla.garcia@oneillborges.com

*s/Aura A. Montes-Rodríguez*
Aura A. Montes-Rodríguez
USDC No. 300907
E-mail: aura.montes@oneillborges.com

*s/Aníbal A. Román-Medina*
Aníbal A. Román-Medina
USDC No. 308410
E-mail: anibal.roman@oneillborges.com

6