COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR DIVISION

| | |
|---|---|
| ELIZABETH SANTIAGO MERCED in her personal capacity and in representation of all similarly situated persons,<br><br>PLAINTIFFS<br><br>v.<br><br>TOYOTA CREDIT DE PUERTO RICO, CORP.; TOYOTA FINANCIAL SERVICES; EDGAR CAMARERO, COLLECTIONS SUPERVISOR, AGENTS, EMPLOYEES, INSURERS, FINANCIAL ENTITIES, AND ALL NATURAL OR LEGAL PERSONS THAT PARTICIPATED IN, AUTHORIZED, OR PERFORMED THE ACTS DESCRIBED HEREIN, UKNOWN INSURANCE COMPANY, ENTITY ABC, UNKNOWN DEFENDANTS.<br><br>DEFENDANTS | CIVIL NO.:<br>GROSS NEGLIGENCE BY MAINTAINING AND COMMUNICATING FALSE INFORMATION ON THE STATUS OF THE VEHICLE. BREACH OF CONTRACT BY REPORTING A NONEXISTENT LIEN. VIOLATION OF THE DUTY OF CARE TOWARDS CONSUMERS.<br>SEVERE EMOTIONAL INJURY. ABUSIVE AND NEGLIGENT PRACTICES IN THE MANAGEMENT OF PAYMENTS AND REPORTS. VIOLATION OF **CONSTITUTIONAL** AND STATUTORY RIGHTS. CLASS ACTION UNDER THE CONSUMER CLASS [sic] ACT, ACT NO. 18, JUNE 25, 1971. UNJUST ENRICHMENT, DECLARATORY JUDGMENT, PERMANENT INJUNCTION, AND DAMAGES |

**VERIFIED CLASS ACTION, DECLARATORY JUDGMENT, PERMANENT INJUNCTION, AND DAMAGES**

**TO THE HONORABLE COURT**:

**COME NOW** above-captioned plaintiffs (hereinafter, "plaintiff") through undersigned counsel, and very respectfully before this Honorable Court, **STATE, ALLEGE, and PRAY**:

ELIZABETH SANTIAGO-MERCED, of legal age, a resident of Puerto Rico, in her personal capacity and in representation of all similarly situated persons, appears and under oath states, alleges, and prays the following:

### I. JURISDICTION AND COMPETENCE

1. This Honorable Court has subject matter jurisdiction under the 2003 Judiciary Act of Puerto Rico, 4 LPRA § 25a, as the dispute in this case arises within the territorial limits of Puerto Rico.

2. This Honorable Court has personal jurisdiction over the defendants that are the subject of these proceedings as set out in Rule 3.1 of the Rules of Civil Procedure of Puerto Rico, 32 LPRA., App. V, R. 3.1, because the matters that are the subject of this Action arise within the territorial demarcation of Puerto Rico.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

3.  This Honorable Court has competent jurisdiction with regard to the above-captioned case as set out in Rule 3.4 of the Rules of Civil Procedure of Puerto Rico, 32 LPRA, App. V, R. 3.4, because this Action seeks remedies in favor of the plaintiff through declaratory judgment and permanent injunction mechanisms, the doctrine of unjust enrichment, and damages that took place and are taking place in this judicial region.

4.  This Honorable Court has jurisdiction as this is a civil claim that exceeds the jurisdictional minimum, has occurred in Puerto Rico, and involves corporations that operate, contract, and cause harm within this jurisdiction.

5.  This action is a verified class action for damages, gross negligence, breach of contract, abusive practices, violations of due process, and severe emotional injury, against Toyota Credit de Puerto Rico, Corp.; Toyota Financial Services; Edgar Camarero, Collections Supervisor; and all such agents, employees, officers, insurers, and financial entities that authorized, allowed, or performed the acts described herein, as a consequence of a negligent and systemic pattern of improper payment processing, unwarranted lien annotations, and unjustified activation of vehicular intervention procedures.

6.  This Honorable Court has competent jurisdiction to hear this claim, since all of the events narrated herein occurred in Puerto Rico, the defendants operate and do business in this jurisdiction, and the damages claimed exceed the jurisdictional minimum required by law.

## II. NATURE OF THE ACTION

7.  This is a verified class action for damages, violations of due process, gross negligence, breach of contract, abusive practices, and severe emotional injury, against financial entities and the persons that authorized, motivated, or performed the undue annotation of a lien and the intervention by the police with a vehicle that was fully up to date, without legal or factual basis.

8.  This action arises from a systemic pattern in which responsible consumers have been erroneously reported, exposed to police interventions, deprived of the use of their vehicles, and submitted to traumatic situations, all because of internal failures in the processing of payments and management of information by the defendant entities.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

2

Case 3:26-cv-01064-GMM   Document 1-1   Filed 02/06/26   Page 3 of 14
CERTIFIED TRANSLATION
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 3 of 14

### III. THE PARTIES

9. The plaintiff Elizabeth Santiago-Merced is the legitimate owner of a Toyota Corolla vehicle, license plate KAU-437, vehicle identification number JTDB4MEE4P3001394, financed through Toyota Credit de Puerto Rico, Corp.

10. The defendant Toyota Credit de Puerto Rico, Corp. is a corporation engaged in financing motor vehicles. Toyota Financial Services acts as a related brand and operational platform. The defendant Edgar Camarero, in his capacity as Collections Supervisor, acted as the executive with direct authority on the management, validation, and correction of liens, reports, and authorizations related to the plaintiff's vehicle, and signed or authorized official communications related to the recovery of such, and is therefore liable personally and jointly for his negligent acts or omissions.

11. The defendant agents, employees, insurers, financial entities, and all natural or legal persons that participated, authorized, or performed the acts described herein.

12. The defendant, defendants whose names are unknown, is any natural or legal person that is liable for the allegations set out in this Verified Complaint.

13. The defendant, unknown insurance company, Entity ABC, is the insurance company that issued a policy that covers the events alleged in this Verified Complaint or legal person that is liable for the allegations set out in this Verified Complaint.

### IV. FACTS AND ALLEGATIONS

14. On June 28, 2025, the plaintiff was in front of the Rooms To Go store in Carolina along with her granddaughters, when one of them began to present severe abdominal pain and to cry inconsolably. In view of the medical emergency, the plaintiff decided to take her immediately to the nearest hospital in her vehicle.

15. While trying to leave the place, the plaintiff was detained by an officer of the Puerto Rico Police who at first incorrectly alleged that the vehicle did not have a registration sticker that was currently in effect. In spite of the fact that the plaintiff said that the registration sticker had been paid and was in effect, the officer subsequently held that the vehicle had a lien for theft and had been reported as disappeared since March, an allegation that turned out to be totally false.

16. The plaintiff repeatedly pleaded to be allowed to move the vehicle or that she be escorted to the hospital and explained the urgent medical condition of her granddaughter. These pleas were ignored. The plaintiff was forced to stay at the place



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

3

Case 3:26-cv-01064-GMM   Document 1-1   Filed 02/06/26   Page 4 of 14
CERTIFIED TRANSLATION
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 4 of 14

filling out documents while her granddaughter continued to be in intense pain. Even when an ambulance arrived, the police did not change its procedure, unnecessarily prolonging the risk situation.

17. As a direct consequence of these events, the minor had to be transported in an ambulance and submitted to emergency surgery for appendicitis, which exposed her to further risk and caused the plaintiff extreme distress, severe emotional trauma, anxiety, insomnia, and profound psychological suffering, in addition to unjustly depriving her of the use of her vehicle.

18. On June 30, 2025, the plaintiff contacted Toyota Credit de Puerto Rico, which confirmed that her account was fully up to date and that there was no delinquency. That same day, Toyota Credit issued an official letter authorizing the recovery of the vehicle, signed by Edgar Camarero, Collections Supervisor, confirming that the entity had no interest in bringing charges or retaining the vehicle, which unequivocally shows that the annotation of the lien and police intervention were the result of gross administrative negligence and internal failures attributable to the defendants.

19. The explanation that was subsequently given by the defendants, alleging delays in the payment platforms, does not justify, excuse, or mitigate the harm that was caused, particularly when the defendants have the legal and contractual duty to verify information before activating mechanisms that entail severe legal, police, and human consequences.

20. The defendants' acts and omissions constitute gross negligence, breach of contract, violation of the duty of care towards consumers, abusive practices, and caused severe emotional injury. The unjustified intervention of the vehicle exposed the plaintiff and her family to public humiliation, fear, emotional distress, and loss of property without legal cause.

21. **This conduct is not an isolated event. The plaintiff brings this action in representation of a numerous class of consumers whose payments were up to date, or for whom there is no explanation for the use of the Puerto Rico Police as a collections agent and whose vehicles were erroneously reported, intervened, retained, or marked with inexistent liens due to similar administrative failures. There are common questions of fact and law, the plaintiff's claims are typical of the class, and the plaintiff will adequately and fairly protect the interests of all members.**

22. As a result of the above, the plaintiff and the class claim compensatory damages,



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

4

severe emotional injury, punitive damages, costs, attorney's fees, and equitable remedies, including orders directed at stopping these practices and implementing adequate controls. An amount of no less than $15,000,000.00 is claimed.

## V.    LEGAL FRAMEWORK AND CAUSES OF ACTION

23.    The facts stated herein show that the plaintiff has the right to avail herself of the mechanisms of a permanent injunction and a declaratory judgment so that the defendant ceases to continue using the Puerto Rico Police as a collections agent and intimidating consumers whose vehicles were erroneously reported, intervened, retained, or marked with inexistent liens due to similar administrative failures.

24.    An injunction is a judicial command in writing issued under the seal of a Court **directing a person to refrain from doing or permitting to be done by others under his control a particular act which violates a right of another.** Code of Civil Procedure, Sec. 675, 32 LPR. § 3521.

25    As provided in Sections 675, 676, and 677 of Code of Civil Procedure of Puerto Rico, 32 LPRA _ 3521 *et seq.*, the petition for and issue of a court order requiring a person to refrain from doing a certain thing that infringes or harms the right of another when, among other things: **(1) it appears by the complaint that the plaintiff is entitled to the relief demanded and such relief,** or any part thereof, consists in restraining the commission or continuance of the act complained of either for a limited period or perpetually; **(2) it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste or great or irreparable injury to a party to the action**; (3) **it appears during the litigation that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action and tending to render the judgment ineffectual**; (4) pecuniary compensation would not afford adequate relief; and (5) it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief. (Emphasis added). See, Section 677 of the Code of Civil Procedure, 32 LPRA._3523.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

5

26. Furthermore, the factors that should be taken into consideration to issue an order for a permanent injunction are whether the plaintiff has prevailed at a trial on the merits; whether the plaintiff has any adequate remedy at law; the public interest involved, and the balance of equities. "As in the previous stages, 'the essential requirement for a permanent injunction is the absence of an adequate remedy at law.'" *Universidad del Turabo v. Liga Atlética Interuniversitaria*, 126 DPR 497 (1990); *State Ex. Rel. Guste v. Lee*, 635 F. Supp. 1107, 1125 (1986).

27. As a question of fact, this case does not present an adequate remedy at law; therefore, it is warranted that this Honorable Court issue a permanent injunction in favor of the plaintiff so that the defendant ceases to continue using the Puerto Rico Police as a collections agent and intimidating consumers whose vehicles were erroneously reported, intervened, retained, or marked with inexistent liens due to similar administrative failures.

28. All of this is done summarily, without Court intervention and *ultra vires*. It is enough for the defendant to issue a report to the Police and without any kind of verification the constitutional of rights of consumers are violated.

29. VIOLATION OF DUE PROCESS OF LAW OF THE CONSTITUTION OF THE UNITED STATES AND THE CONSTITUTION OF PUERTO RICO.

30. The acts and omissions of the defendants constitute a clear and substantial violation of the right to due process of law, guaranteed by the Fourteenth Amended to the United States Constitution and Article II, Sections 1 and 7 of the Constitution of the Commonwealth of Puerto Rico. The plaintiff was deprived of a legitimate ownership interest, to wit, the use and enjoyment of her motor vehicle, without proper prior notice, without a real opportunity to be heard, and without the minimal observance of the protections of procedural justice.

31. The plaintiff's vehicle was intervened and in effect confiscated through police action based on information that is false or negligently maintained by the defendants, without prior verification, hearing, or any procedure that would allow the plaintiff to challenge the alleged debt or inexistent lien. This dispossession was done in a summary, arbitrary, and uncontrolled manner, in open contradiction with the basic principles of due process.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

6

Case 3:26-cv-01064-GMM   Document 1-1   Filed 02/06/26   Page 7 of 14
CERTIFIED TRANSLATION
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 7 of 14

32. Moreover, the defendants acted with actual or constructive knowledge that the plaintiff's account was up to date, or, at a minimum, with willful indifference to the veracity of the information that caused the intervention. Due process requires that before severe consequences are activated, such as police intervention with a vehicle, reasonable procedures for verification, notice, and correction be effected. The total absence of such procedures means that the defendants' acts are constitutionally defective.

33. The harm suffered by the plaintiff was not merely financial. The arbitrary dispossession of her vehicle occurred in a context of a medical emergency, which amplifies the impact of the constitutional violation and demonstrates how the lack of due process not only affected ownership rights, but also human dignity, emotional integrity, and personal safety, values that are expressly protected by the Constitution of Puerto Rico.

34. VIOLATION OF THE EQUAL PROTECTION OF THE LAWS OF THE CONSTITUTION OF THE UNITED STATES AND CONSTITUTION OF PUERTO RICO.

35. The defendants' acts also constitute a violation of the right to equal protection of the laws, guaranteed by the Fourteenth Amendment of the Constitution of the United States and Section 1 of Article II of the Constitution of Puerto Rico, by submitting the plaintiff and the class that is represented to unequal, arbitrary, and unreasonable treatment, without a legitimate rational basis.

36. The defendants implemented and maintained practices in which certain consumers—particularly those whose payments are processed through internal platforms that are subject to delay—are treated as delinquent, debtors, or even suspects of theft, even when they are up to date with their contractual obligations. This unequal treatment is devoid of any reasonable justification and results in disproportionate consequences, such as police intervention and the dispossession of the use of a vehicle, while other consumers in an identical situation are not submitted to such measures.

37. The plaintiff was treated in a manner that is different from that of other consumers who are in compliance, not due to her own conduct, but due to internal administrative failures attributable exclusively to the defendants. This arbitrary classification, based on errors in the payment systems or negligence in updating information, has no rational relationship whatsoever with any legitimate government or commercial interest, and therefore violates the most basic principles of equality before the law.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

7

38. The violation of equal protection is aggravated even more when a systematic pattern is shown in which many consumers are exposed to the same unequal treatment, without effective mechanisms for immediate correction, review, or safeguards. Such a pattern converts the conduct of the defendants into an institutionalized practice that irrationally discriminates against a definable class of persons, in direct violation of state and federal constitutional guarantees.

39. CIVIL LIABILITY AND CONSTITUTIONAL REMEDIES

40. As a direct result of these constitutional violations, the defendants have civil liability for the harm suffered by the plaintiff and the class. Compensatory, punitive and equitable remedies are warranted, including injunctive measures directed at prohibiting the continuation of these practices, as well as orders that require the implementation of procedures that guarantee due process and equal protection of the laws for consumers.

41. Furthermore, Rule 59.1 of the Rules of Civil Procedure establishes that the Court of First Instance "shall have the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." 32 LPRA App. III R 59.1 (2009). This is known as a declaratory judgment. The purpose of the declaratory judgment is to provide citizens with a process in which any claim that entails potential negative danger for the citizen may be heard before a Court. *Charana v. Pueblo*, 109 DPR 641 (1980).

42. In fact, the Supreme Court has construed that the declaratory judgment is the appropriate procedural mechanism to resolve a dispute that involves constitutional issues. *Asociación de Periodistas v. González*, 127 DPR 704 (1991).

43. Furthermore, Rule 59.2; 32 LPRA App. III R 59.2 (2009), provides who may request the declaratory judgment and as relevant herein provides that:

> **Rule 59.2. Who may obtain a declaration; power to construe; exercise of powers**
> (a) Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or **other legal relations** are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under said statutes, ordinances, contract, or franchise **and obtain a declaration of rights, status or other legal relations thereunder**. A contract may be construed either before or after there has been a breach thereof.
> (b) …



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

8

44.     Defendant's actions are causing, actual, imminent, and irreparable harm to the plaintiff by preventing the enjoyment of her property **by interrupting the use and enjoyment of her motor vehicle, without proper prior notice, without a real opportunity to be heard, and without observing the minimum protections of procedural justice.**

45.     Due to the unlawful acts of the defendant, the plaintiff class has suffered and continues to suffer irreparable harm, and it is estimated that such entail damages for an amount of no less than $15,000.000.

46.     Section 1536 of the 2020 Civil Code provides that "a person that by fault or negligence causes harm to another has the obligation to cure such."

47.     In interpreting Section 1802 of the 1930 Civil Code, 31 LPRA § 5141, predecessor of the aforementioned Section 1536 of the 1930 [sisc] Civil Code, the Supreme Court has expressed that the liability of a person arises, in general, from the person's acts and omissions. *Nieves Díaz v. González Massas,* 178 DPR 820 (2010).

48.     This kind of action is based on the failure to fulfill the duty under the law that ordinarily arises from a negligent act or tort without reference to any contract. *Manuela Mejías v. Felipe López*, 51 DPR 21 (1937). The action under this Section merely requires setting out the act, the harm suffered, and the causal nexus between the two. *SLG v. González Padín Co.*, 117 DPR 94 (1986).

49.     A tortious act that causes harm is recoverable under the provisions of Sec. 1802 of the Civil Code of Puerto Rico (now Section 1536 of the 2020 Civil Code). *Municipio de Cayey v. Soto Santiago*, 131 DPR 304, 332 (1992).

50.     The preceding brief discussion that refers to damages justifies the amount claimed by the plaintiff as compensation.

51.     Lastly, the statement of fact in this Verified Complaint shows that the defendant was unjustly enriched since the defendant retained and deprived [the plaintiff] of the use and enjoyment of the plaintiff's motor vehicle, without proper prior notice, without a real opportunity to be heard, and without observing the minimum protections of procedural justice. The following paragraph explains the doctrine of unjust enrichment:

> Originally, this doctrine had not been recognized in the 1930 Civil Code. It was developed based on the principle of equity when the law had not provided for a transfer of assets that would have a reasonable explanation under current law. *E.L.A. v. Soto Santiago*, 131 DPR 304, 317-18 (1992). According to jurisprudence, to constitute unjust enrichment the following requirements must be met: (1) the existence of enrichment; (2) a

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

9

Case 3:26-cv-01064-GMM     Document 1-1     Filed 02/06/26     Page 10 of 14
CERTIFIED TRANSLATION
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 10 of 14

corresponding impoverishment; (3) that there be a connection between the impoverishment and the enrichment; (4) the absence of a cause that justifies the enrichment; and (5) the inexistence of a legal precept that excludes the application of unjust enrichment. *Garriga, Hijo, Inc. v. Cond. Marbella*, 143 DPR 927 (1997). Unjust enrichment may not either be adduced when it is contrary to any public policy of the State expressed in any law or the Constitution. *Hatton v. Mun. de Ponce*, 134 DPR 1001, 1010 (1994).[1] *Simón M. Cartagena Santana v. Luis G. Hernández Rivera y otros,* KLAN2022000313, Judgment on January 30, 2023, at page 5.

52. The current Civil Code defines unjust enrichment in Section 1526, 31 LPRA sec. 10771.

53. The section cited above reads as follows: "If any person, without just cause, derives enrichment at the expense of another, the person will have the obligation to compensate for the correlative decrease of wealth insofar as the person's own enrichment, whether derived from an advantage or the avoidance of a disadvantage."

54. It is evident, in light of the Recital of Facts in this case that the defendant has been unjustly enriched at the plaintiff's expense since it retained and deprived [the plaintiff] of the use and enjoyment of the plaintiff's motor vehicle, without proper prior notice, without a real opportunity to be heard, and <u>without observing the minimum protections of procedural justice</u>. **This is multiplied by thousands and thousands of consumers throughout Puerto Rico.**

55. The averments in the previous paragraphs are incorporated by reference in this Verified Class Action.

56. The plaintiffs bring this claim on their own behalf and in representation of all equally situated consumers under the provisions of Act 118, June 25, 1971, the "Consumer Class Action Act", 32 L.P.R.A., Secs. 3341-3344, the provisions of Rule 20 of the Rules of Civil Procedure of Puerto Rico, 32 L.P.R.A., App. III, and other relevant provisions of the Civil Code of Puerto Rico.

57. The right to bring a class action under Act 118, supra, is substantive and not procedural, and thus broader than Rule 20 of the Rules of Civil Procedure currently in effect.

---

[1] "The new 2020 Civil Code incorporates this doctrine in the current legal system. However, the instant controversy arose before the new Civil Code entered into effect in November 2020 so that we limit our analysis to pertinent law." Footnote number 9 in the Judgment of the Court of Appeals, at page 5.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

10

Case 3:26-cv-01064-GMM    Document 1-1    Filed 02/06/26    Page 11 of 14
CERTIFIED TRANSLATION
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 11 of 14

58. The class on whose behalf the plaintiffs appear herein is composed of motor vehicle consumers of the defendant which have become unjustly enriched since by retaining and depriving the [plaintiff] of the use and enjoyment of the plaintiff's motor vehicle, without proper prior notice, without a real opportunity to be heard, and <u>without observing the minimum protections of procedural justice</u>.

59. A class action is a special form of representative litigation that allows a person or group of persons to sue on their own behalf and in representation of other persons that are in a situation that is similar to theirs, but who have not come before the Court. This procedure furthers judicial economy by allowing the courts to rule one single time on all the matters that are common to several suits, thereby avoiding multiple claims; allows for justice being achieved for a person that would not otherwise achieve such; and protects the parties from inconsistent judgments.

60. Act 118, enacted on June 25, 1971, created a class action for consumers of goods and services, overcoming the limitations imposed on the so-called spurious class. The Act grants a right to consumers to come directly before the Court to claim their rights.

61. In the instant case, the class is so numerous that the joinder of all the members is impractical. There are questions of fact or of law that are common to the class. The claims of the representatives are typical of the claims of the class. The representatives protect the interests of the class in a just and adequate manner.

62. In the instant case, the litigation of separate suits by individual members of the class would create a risk of inconsistent or different rulings with respect to individual members of the class, that would establish incompatible standards of conduct for the party that is opposing the class, or rulings with respect to individual members of the class that for all practical purposes would affect the interests of the other members that are not parties in such rulings or, would worsen or substantially impair their ability to protect their interests.

63. In the instant case, the questions of fact and law that are common to the members of the class predominate over any questions that only affect individual members, and the class action is better than other methods that are available for the just and efficient resolution of the dispute.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

11

64.  In the instant case, the claim of the plaintiffs is typical; the plaintiffs and the other members of the class have an interest in prevailing in the shared claim.

65.  In the instant case of a class action of the consumers of goods and services, the discretion of the court to certify or not a suit as a class action is limited by the public interest in favor the consumers as set out in Act 118, June 25, 1971.

66.  In the instant case, the plaintiffs bring this claim as a class action because the components are so numerous that joinder of all of them here would be impracticable. Furthermore, there are questions of fact or law that are common to all the members of the class, and the claims or defenses of the plaintiffs are typical of the claims and defenses of all the other members of the class.

67.  In the instant case, the plaintiffs and their counsel have full capacity to protect the interests of the class in a just and adequate manner, as required by the provisions of Rule 20 of the Rules of Civil Procedure of Puerto Rico.

68.  In the instant case, it must be taken into account that the proceedings of this action in separate lawsuits would create the unquestionable risks of: (a) inconsistent or different rulings with respect to individual members of the class, that would establish incompatible standards of conduct for the party that is opposing the class, and (b) rulings with respect to individual members of the class that for all practical purposes would affect the interests of the others members that are not parties in such rulings or, would worsen or substantially impair their ability to protect their interests.

69.  In the instant case, the litigation of this suit as a class action is a better method than others that are available for the most just and efficient resolution of the disputes brought in this case. This method will allow for a significant number of automobile consumers that have been similarly harmed to bring common claims in a single forum concurrently and efficiently, and without the need to duplicate efforts and expense that the litigation of numerous individual lawsuits would entail.

70.  Therefore, the plaintiffs request that this Honorable Court immediately set a date for a hearing on the certification of the class so that this case may be certified as a class action under the Consumer Class Action Act.

71.  The plaintiff represents a numerous class of consumers whose payments are up to date, or for whom there is no reason to deprive them of the use and enjoyment of their motor vehicles without


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

12

due process of law and equal protection of the law, whose vehicles were erroneously reported, intervened, or retained because of similar administrative failures.

72.    The questions of fact and law are common, the plaintiff's claim is typical, and the plaintiff will adequately protect the interests of the class.

## VI.    REMEDY REQUESTED

73.    Wherefore, it is respectfully requested that this Honorable Court:

Rule in favor of this Class action. Grant damages according to law. Order the immediate cease of the described practices. The plaintiff and the class claim: severe emotional injury, compensatory damages, damages that amount to a sum of no less than $15,000.000. Punitive damages, costs, [attorney's] fees, and equitable remedies and injunctive measures to stop these practices. Grant any other just and equitable remedy.

## VII.    CONCLUSION

The discussion set out in the preceding sections of this complaint show that the plaintiff needs urgent compensation in the amount $15,000,000, for harm she has suffered and that she continues to suffer because of the acts of unjust enrichment committed by the defendants in this case and that further warrant that this Honorable Court apply in favor of the plaintiff the mechanisms of declaratory judgment and permanent injunction.

**WHEREFORE**, it is very respectfully requested that this Honorable Court take notice of all that has been set out in this pleading for all legal purposes, rule IN FAVOR of this complaint, and grant the remedies sought herein, including, but not limited to, ordering the defendant to compensate the plaintiff for an amount of no less than $15,000,000, and make any other pronouncement as may be warranted under the law and equity.

**WE CERTIFY**: that this pleading has been filed electronically through the Unified Case Management and Administration System (SUMAC, Spanish acronym) which will notify a copy of the above pleading to all the parties and all counsel of record at their respective email addresses and that this complies fully with the notification requirement in this case.

**RESPECTFULLY SUBMITTED.** In San Juan, PR, December 20, 2025.

S/ JOSÉ F. GIERBOLINI-BONILLA, ESQ.
MASTER ROLL OF ATTORNEYS 18308
PO Box 191620 San Juan, PR 00919-1620
Tel. 787- 225-5367; juriszone@capr.org



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

13

CERTIFIED TRANSLATION
Case 3:26-cv-01064-GMM    Document 1-1    Filed 02/06/26    Page 14 of 14
SJ2025CV11335 12/20/2025 04:15 pm Entry Num. 1 Page 14 of 14

## SWORN STATEMENT

I, ELIZABETH SANTIAGO-MERCED, of legal age, single, a secretary, and a resident of San Juan, Puerto Rico under solemn oath state:

1. That my name and other personal information are as stated above.

2. That I am the plaintiff in this case.

3. That I have read the above complaint and all that is expressed therein is the truth and nothing but the truth to my own personal knowledge.

4. That this complaint has been drafted according to my instructions.

In San Juan, Puerto Rico, on December _____ , 2025.

_____
ELIZABETH SANTIAGO-MERCED

Affidavit Number _____

Sworn to and signed before me by ELIZABETH SANTIAGO-MERCED whose personal information are as stated above, who is to me personally known or otherwise I have identified by the substitute methods provided in the Notarial Act of Puerto Rico:_____

_____

_____

In San Juan, Puerto Rico, December _____ . 2025.

_____
NOTARY PUBLIC [ATTORNEY]

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

14