**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIZABETH SANTIAGO MERCED,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA CREDIT DE PUERTO RICO,<br>CORP., et al.,<br><br>Defendants. | **Civil No. 26-1064 (GMM)** |

<u>**OPINION AND ORDER**</u>

Before the Court is *Plaintiff's Opposition to Notice of Removal and Motion to Remand with Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c)* ("*Motion to Remand*"), filed by Plaintiff Elizabeth Santiago Merced ("Plaintiff" or "Ms. Santiago"). (Docket No. 7). For the following reasons, this Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's *Motion to Remand*.

**I. BACKGROUND**

On December 27, 2025, Plaintiff filed an *Amended Verified Class Action, Declaratory Judgment, Permanent Injunction, and Damages* ("*Complaint*") suit in Puerto Rico's Court of First Instance of San Juan against Toyota Credit de Puerto Rico, Corp. ("Toyota"), Toyota Financial Services, and Collections Supervisor Edgar Camarero ("Mr. Camarero"), (collectively, "Defendants"), among other unidentified agents and employees. (Docket No. 1-4 at 1). Therein, Plaintiff alleges that Defendants erroneously reported

Civil No. 26-1064 (GMM)
Page - 2 -

her vehicle as subject to "a lien for theft and . . . reported as disappeared," which led to an improper detention by Puerto Rico Police Bureau ("PRPB") agents for which she suffered damages. (Docket No. 1-4 at 3-5 ¶¶ 14-22).

Specifically, on June 28, 2025, PRPB agents stopped Ms. Santiago's vehicle while in a parking lot with her granddaughters in Carolina, Puerto Rico. (Id. at 3 ¶ 14). PRPB agents alleged that Plaintiff did not have an updated registration sticker. (Id. at 3 ¶ 15). While temporarily detained, one of Ms. Santiago's granddaughters experienced severe abdominal pain. (Id. at 3 ¶ 14). PRPB agents allegedly prevented Ms. Santiago from going to a hospital, forcing her granddaughter to be transported in an ambulance for emergency appendicitis surgery. (Id. at 3-4 ¶¶ 16-17). On June 30, 2025, Plaintiff contacted Toyota and confirmed that her account was not delinquent. (Id. at 4 ¶ 18). Toyota issued a letter that same day, signed by Mr. Camarero, stating that Toyota had no interest in detaining her vehicle. (Id.).

Toyota's actions, as alleged in the *Complaint*, were "not an isolated event." (Id. at 4 ¶ 21). Indeed, Plaintiff filed her suit as a class action to represent numerous "consumers whose payments were up to date, or for whom there is no explanation or the use of the Puerto Rico Police as a collections agent and for whose vehicles were erroneously reported, intervened, retained, or

Civil No. 26-1064 (GMM)
Page - 3 -

marked with inexistent liens due to similar administrative failures." (Id.). To this effect, Ms. Santiago asserts that Defendants knowingly maintained inaccurate payment records, continued reporting false information to law enforcement, and acted jointly with the PRPB in depriving her of property without due process. *See* (id. at 7-14). Plaintiff raises both Commonwealth causes of action as well as federal constitutional claims under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. (Id.). Damages are estimated at $15,000. (Id. at 15).

On February 2, 2026, Defendants removed the civil action to this Court, asserting that the *Complaint* presents a federal question under 42 U.S.C. § 1983 that belongs in this Court, and not the Commonwealth. *See* (Docket No. 1 at 3 ¶ 8). On February 9, 2026, Plaintiff filed the instant *Motion to Remand*, arguing that Puerto Rico law questions predominate, federal jurisdiction is lacking, and removal was improper. *See generally* (Docket No. 7). Defendants filed their *Opposition to Motion to Remand*, reemphasizing that the *Complaint* directly raises federal constitutional and statutory claims and therefore falls within this Court's jurisdiction. (Docket No. 14).

The issue is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court over which the federal district court would have original jurisdiction. Original jurisdiction exists over all civil cases "arising under" federal law. 28 U.S.C § 1331.

This jurisdiction is limited. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts are obliged to ensure subject-matter jurisdiction exists. BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 828 (1st Cir. 1997).

Removal statues are strictly construed, with all doubts resolved in favor of remand. Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). The removing party bears the burden of establishing the existence of the federal court's jurisdiction. Danca v. Priv. Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Under the well-pleaded complaint rule, federal question jurisdiction exists only when that question appears on the face of the complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The four corners of the complaint, thus, control whether removal is proper. Hernández–Agosto v. Romero–Barceló, 748 F.2d 1, 2 (1st Cir. 1984).

Questions of a federal court's jurisdiction, however, are distinct from the ultimate merits, which the Court does not reach

Civil No. 26-1064 (GMM)
Page - 5 -

at this stage of review. Arbaugh v. Y&H Corp., 546 U.S. 500, 511 (2006) (*quoting* 2 James Wm. Moore et al., Moore's Federal Practice § 12.30 (3d ed. 2005)). Federal claims need only be "colorable" at the removal juncture. Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 18 (1st Cir. 2018). "Colorable" means that the claim must be "seemingly valid or genuine." Id.

Remand for lack of jurisdiction is appropriate only if the alleged federal claim is (1) "immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946). This is a demanding standard. Toddle Inn Franchising, LLC v KPJ Assocs., LLC, 8 F.4th 56, 61-62 (1st Cir. 2021).

Even if this bar is cleared, this Court may still remand the suit "if it appears that the state issues substantially predominate." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). This analysis is further guided by considerations of judicial economy, convenience, fairness, and comity. Id.; Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015).

## III. ANALYSIS

Civil No. 26-1064 (GMM)
Page - 6 -

After reviewing the record before it, the Court finds that remand is appropriate because the federal questions are not colorable.

A.    Federal Question Jurisdiction

It is undisputed that federal claims arise on the face of the *Complaint*. (Docket No. 1-4 at 6-8). Parties disagree, however, over whether Plaintiff's federal questions are sufficient. Defendants assert that they are: the *Complaint* expressly pleads claims arising under the Fourteenth Amendment of the federal Constitution via joint action between PRPB agents and Defendants, allowing this Court to preside over the instant action. (Docket No. 1 at 2-3 ¶¶ 1-8). Plaintiff argues that her claims sound overwhelmingly in tort and contract law, and the *Complaint* "does not plausibly allege state action" by Defendants, who are private actors, that would make federal constitutional claims viable. (Docket No. 7 at 1-2).

To sue private actors for constitutional violations, Plaintiff's causes of action would need to be asserted under § 1983. This claim must clear two hurdles: first, Plaintiff was deprived of a federally protected right; and second, the alleged deprivation was committed by a defendant acting under color of

Civil No. 26-1064 (GMM)
Page - 7 -

state law. Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012).

Accordingly, the Court must determine whether the *Complaint* alleges facts that, if accepted as true, "colorably" satisfy both elements. They do not.

### 1.    Deprivation of a Federal Right

The *Complaint* alleges that Defendants deprived Plaintiff of rights protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment by erroneously maintaining records reflecting that her vehicle was subject to a lien or delinquency and communicating this false information to the PRPB in a manner that resulted in a detention without prior notice or hearing. (Docket No. 1-4 at 4-7, 13).

Under either constitutional theory, Plaintiff fails to allege a viable claim.

### a.    Procedural Due Process

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S Const. amend. XIV, § 1. For a procedural due process claim to lie, the Court must first identify whether Plaintiff possesses a constitutionally protected property right. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 30 (1st Cir. 2008).

The Fourteenth Amendment's protection extends to the seizure of motor vehicles, Culley v. Marshall, 601 U.S. 377, 384 (2024), and state-imposed constraints on vehicle use. Raper v. Lucey, 488 F.2d 748, 752 (1st Cir. 1973) (in the context of state licensing). Plaintiff bears the burden of proving that a deprivation occurred. Soto-Padró, 675 F.3d at 4.

Once a right - and its loss - is identified, procedural due process entitles parties to notice and an opportunity to be heard. Fuentes v. Shevin, 407 U.S. 67, 80 (1972). However, "due process is flexible" and is assessed on a case-by-case basis. Morrissey v. Brewer, 408 U.S. 471, 481 (1972); Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Plaintiff fails to give these requirements color. Ms. Santiago does not allege that her car was permanently seized. Nor does she allege that the erroneous lien was judicially enforced. (Docket No. 1-4 at 6 ¶¶ 30-31). Instead, Ms. Santiago alleges that she suffered a "dispossession" of "a legitimate ownership interest, to wit, the use and enjoyment of her motor vehicle," by the Toyota Defendants "without proper prior notice, without a real opportunity to be heard, and without the minimal observance of the protections of procedural justice." (Id.). Rather, the alleged property loss consists of the temporary consequences that came

Civil No. 26-1064 (GMM)
Page - 9 -

directly from an investigatory stop by PRPB agents based on allegedly inaccurate information provided by Toyota. *See* (id.).

Even assuming Plaintiff possessed a protected property interest in the use and enjoyment of her vehicle, the *Complaint* does not colorably allege that Defendants were the ones who deprived her of that interest. Toyota did not detain Ms. Santiago; PRPB agents did. The *Complaint* alleges no facts suggesting Defendants directed, controlled, or participated in that decision to deprive Ms. Santiago temporarily of her car. *See generally* (Docket No. 1-4).

At bottom, Plaintiff alleges Defendants engaged in negligent recordkeeping. But "mere lack of due care" causing unintentional injury does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 331 (1986). Nor does the *Complaint* set forth any other conduct by Defendants that rises above ordinary administrative errors. These allegations may describe careless record maintenance, but they do not transform an ordinary negligence dispute into a constitutional deprivation.

Taken together, Plaintiff has not alleged on the face of her *Complaint* that Defendants deprived her of a federally protected right to which she was owed due process.

Civil No. 26-1064 (GMM)
Page - 10 -

> b.    Equal Protection

Plaintiff's Equal Protection Clause argument fares no better. The Fourteenth Amendment also provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S Const. amend. XIV, § 1. In short, this clause "keeps governmental decisionmakers from treating differently [people] who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Under the equal protection framework, a plaintiff must allege: (1) membership in a protected or suspect class; (2) intentional discrimination based on that protected characteristic; and (3) that the challenged governmental action fails the applicable level of constitutional scrutiny. *See* Cook v. Gates, 528 F.3d 42, 61 (1st Cir. 2008). "Suspect" classifications, such as those based on race or gender, are subject to heightened scrutiny. Id. Non-suspect classifications receive lesser scrutiny; they survive so long as the state action is rationally related to a legitimate governmental interest. Id.[1] This is a very deferential standard. Beauchamp v. Murphy, 37 F.3d 700, 707 (1st Cir. 1994).

---

[1]A "class of one" equal protection claim could also exist "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated," which is also given rational basis review. Zell v. Ricci, 957 F.3d 1, 12-13 (1st Cir. 2020). However, Ms. Santiago structures her *Complaint* as a class action, claiming others were treated the same as her. This form of the claim, thus, is unavailable.

Civil No. 26-1064 (GMM)
Page - 11 -

To provide a seemingly valid basis for federal jurisdiction under First Circuit precedent, Ms. Santiago needs to identify intentional discrimination based on her membership in a suspect class that receives some level of protection under the Equal Protection Clause. She does not do so.

Perhaps most importantly, intentional discrimination is missing. Plaintiff repeatedly chalks up her treatment to Defendants' clerical mistakes and administrative errors, rather than intentional acts. *See* (Docket No. 1-4 at 4-5) (attributing Defendants' actions to "gross administrative negligence" and "administrative failures"). Minus intentional discrimination, Ms. Santiago's claim stalls at the first step. *See* Soto v. Flores, 103 F.3d 1056, 1067 (1st Cir. 1997) ("Without the smoking gun of an overtly discriminatory [action] by a decisionmaker, it may be very difficult to offer sufficient proof of such a purpose.").

On top of that, a protected class is not identified. Plaintiff alleges that Defendants conducted practices through which certain consumers were treated as "delinquent, debtors, or even suspects of theft," which led to her detention by the PRPB agents. (Docket No. 1-4 at 7 ¶ 36). Plaintiff also describes herself as "treated differently from other citizens who fulfilled their obligations, solely due to internal administrative errors by the defendants." (Id. at 14).

Membership in either of these groups, however, does not provide Ms. Santiago with any heightened protection. *See* <u>Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.</u>, 246 F.3d 1, 7 (1st Cir. 2001) (explaining impermissible discrimination means treatment based on "considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person"). Indeed, the classifications that Plaintiff identifies do not "seemingly valid or genuine" enough to be load-bearing for purposes of federal jurisdiction. <u>Lawless</u>, 894 F.3d at 18.

As a result, Ms. Santiago also fails to provide a non-frivolous basis for federal jurisdiction under an equal protection theory.

### 2.   State Action Under Color of Law

Since the *Complaint* fails to plausibly allege the deprivation of a constitutionally protected right, the Court need not reach the second step. *See* <u>Pérez-Acevedo</u>, 520 F.3d at 30. Even assuming Plaintiff adequately alleges the deprivation of a protected interest, the *Complaint* independently fails because it does not plausibly allege that Defendants acted under color of state law.

Again, although state actors - the PRPB agents - stopped Ms. Santiago, she does not sue them. Rather, Plaintiff focuses on the

Toyota Defendants, arguing they acted under color of state law, which renders them liable to suit under § 1983.

Section 1983 excludes "merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). A private party may be held liable under § 1983 only where its conduct is fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Three tests are employed to determine whether sufficient state action is present: the public function test, the state compulsion test, and joint-action or nexus test. Santiago v. Puerto Rico, 655 F.3d 61, 68-69 (1st Circ. 2011).

Plaintiff does not allege facts implicating either the public-function or state-compulsion tests. Indeed, the *Complaint* alleges that Defendants acted "jointly" and "in concert" with PRPB agents and refers generally to a systematic practice resulting in police interventions against consumers allegedly misidentified as delinquent debtors. (Docket No. 1-4 at 3, 13).

Accordingly, only the joint-action theory warrants discussion. Under this test, a private party may be deemed a state actor when there is an indication of mutual interdependence in joint activity with the state or its agents. Ponce v. Basketball Fed'n of P.R., 760 F.2d 375, 381 (1st Cir. 1985). "The most salient factor in this determination is the extent to which the private

Civil No. 26-1064 (GMM)
Page - 14 -

entity is (or is not) independent in the conduct of its day-to-day affairs." Santiago, 655 F.3d at 71 (internal quotation omitted).

Merely characterizing Defendants as "acting in concert with the Puerto Rico Police" is insufficient to allege a seemingly valid joint-action claim. (Docket No. 1-4 at 13 ¶ 78). Nothing in the *Complaint* alleges that Defendants: instructed PRPB agents to stop Ms. Santiago, exercised any control over PRPB agents during the stop; or shared any agreement to act intentionally in any way toward Ms. Santiago. *See generally* (Docket No. 1-4). Plaintiff's allegations – read in the light most favorable to her as the moving party – fail to demonstrate any relationship between the Toyota Defendants and the PRPB at all, other than the fact that Defendants' allegedly erroneous records led to Plaintiff's investigatory stop by law enforcement. (Id. at 13). And "it is settled" in the First Circuit that this is not enough: "the fact that private parties give the police information on which official action is then taken does not by itself convert the private parties into state actors." Andresen v. Diorio, 349 F.3d 8, 13 (1st Cir. 2003) (affirming dismissal of a § 1983 suit challenging a police detention based on private actor's information because, without more evidence of an intertwined relationship, "every party who reported a crime that prompted an arrest would be a state actor").

Civil No. 26-1064 (GMM)
Page - 15 -

As such, the Court concludes that the *Complaint* does not colorably allege state action either.

B. Attorneys' Fees and Costs

Plaintiff also requests attorneys' fees and costs under 28 U.S.C. § 1447(c), which authorizes an order remanding a case to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees under this provision turns on the objective reasonableness of the removal, not on whether removal ultimately succeeds. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Absent unusual circumstances, a court should award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Id.

Although the Court concludes above that Defendants' asserted federal questions are not colorable, that conclusion followed an extended review of the *Complaint* under the Due Process and Equal Protection Clauses and the state-action doctrine. The *Complaint* pleads federal constitutional claims on its face, and Defendants' position, while ultimately unpersuasive, was not so lacking as to be objectively unreasonable. Accordingly, the Court, in its discretion, DENIES Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c).

**Civil No. 26-1064 (GMM)**
**Page - 16 -**

### IV. CONCLUSION

Recognizing that federal subject-matter jurisdiction is not colorable remand is warranted.

The Court, however, issues no opinion as to whether Plaintiff has a viable cause of action under Puerto Rico law. This case is better left to the province of the Commonwealth court, which Plaintiff ultimately selected as the forum to file her claims.

The Court hereby **GRANTS** Plaintiff's *Motion to Remand*, and **DENIES** Plaintiff's request for attorneys' fees and costs. Thus, the Court orders this case **REMANDED** to the Commonwealth Court and the Clerk of Court shall immediately notify the remand order. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on July 31, 2026.

/s/ Gina R. Mendez-Miro
GINA R. MENDEZ-MIR
UNITED STATES DISTRICT JUDGE